MARTHA A. GARLINGHOUSE, *vs.* JOHN WHITWELL, sheriff, &c.

A party who claims that another, seeking to enforce his rights, shall not be permitted to allege and show the truth, must establish that he had been induced, by his faith in, or reliance upon, the assertions or acts of such party to the contrary, to do some act, or incur some liability, which would make it injurious to, or a fraud upon, him to allow such truth to be shown.

A party setting up an estoppel, must be personally misled or deceived by the acts which constitute the estoppel alleged; and he must have a particular interest in such acts, more than the public at large. He must have trusted to them, and confided in them, in some particular business transaction.

Nothing in the mode of conducting the business in a store—such as the name over the door, and on the window shades, newspaper advertisements, &c.—can operate as an estoppel, in respect to the ownership of the business and goods, as between a person claiming to be the owner and the plaintiff in a judgment recovered against a third person, before the commencement of the business in such store, or the sheriff, acting as the agent of such plaintiff, under an execution. The mode of carrying on a subsequent business cannot have influenced the giving of a previous credit.

The case of *Rigney* v. *Smith,* (39 *Barb.* 383,) commented upon and limited.

APPEAL by the defendant from a judgment entered on the verdict of a jury.

This action was brought, under the provisions of the Code of Procedure, for the claim and delivery of personal

property, consisting of liquors, casks, bottles, &c. The plaintiff is the wife of Leman B. Garlinghouse. Her husband has been for many years insolvent. The defendant is, and was when the alleged cause of action arose, sheriff of Ontario county. In 1854 Thomas Beals, deceased, recovered against Leman B. Garlinghouse a judgment in this court. In March, 1865, an execution was issued by the executor of Thomas Beals, upon that judgment, to the defendant. By virtue of this execution, the defendant, in March, 1865, levied upon the property described in the complaint. This property was in a store occupied by Leman B. Garlinghouse as a retail liquor store, having his sign in front of it, and his sign also on shades in the windows of it facing the street, in these words, "L. B. Garlinghouse, wholesale and retail liquor store," in large letters. Most of the liquor was in barrels, on tap, and he was selling from the barrels. Many of the barrels were marked on the head, in large letters, "L. B. Garlinghouse," and said L. B. Garlinghouse advertised the business in the newspapers in his own name.

The defendant justified the taking of the property, under said execution, as the property of the defendant therein, and alleged that the claim made by the plaintiff thereto was fictitious, false and fraudulent; and that such property belonged to L. B. Garlinghouse.

The action was tried at the circuit in Ontario county, on the 16th May, 1866, before his honor Justice WELLES, and a jury. After the proofs were closed, and the cause summed up to the jury by counsel on each side, his honor charged the jury, who found a verdict for the plaintiff, that she was entitled to the possession of the property, and that the value thereof was $1200. An order was made by the court, that the defendant have time to make and serve a case and exceptions, and that the same be heard in the first instance at the general term.

*C. J. Folger*, for the appellant.

*H. O. Chesebro*, for the respondent.

*By the Court*, E. DARWIN SMITH, P. J. The plaintiff clearly proved that the property in question belonged to her, and the jury have so found, upon the proper submission of this question to them. The exception that the question put to the witness Clark was improperly altered, is not, I think, well taken. The plaintiff was clearly entitled to the explanation given in answer to that question by the witness, showing how the license to sell liquors came to be given in the name of her husband.

Upon the question of estoppel, as the same was presented and discussed here, and at the circuit, it seems to me that the decision and charge of the circuit judge was entirely correct. The plaintiff, in the execution which the sheriff was seeking to enforce, cannot claim to have been misled by the manner in which the plaintiff's business was conducted, or to have contracted the debt for which the judgment was recovered, upon the faith of the representations or appearances at the plaintiff's store, exhibited to the public. The judgment of Mr. Beale, upon which the execution levied by the sheriff was issued, was recovered in 1854, and the plaintiff purchased this distillery property, and commenced operating it, in 1864, in the fall, ten years afterwards. The levy was made in 1865. The store was opened after the plaintiff purchased the distillery, and was supplied with liquors from such distillery, or the liquor manufactured at such distillery was sold at such store. Nothing in the conduct of the plaintiff, or her husband, in carrying on the said store thus opened, after 1864, could have induced Mr. Beale to contract the debt so put in judgment in 1854. So there is nothing in the case to raise the question of estoppel, as between the judgment creditor and the plaintiff in this

Garlinghouse *v.* Whitwell.

suit; and the sheriff is merely the agent of the plaintiff in the execution, and has no new rights available to raise any question of estoppel, which did not, or do not, exist in favor of the plaintiff in the judgment he was seeking to enforce.

All the facts urged as evidence of an estoppel *in pais* were admissible, and were properly received upon the question of fraud. Whether this property, in fact, belongs to the plaintiff, or her husband, was properly litigated, and was a fair subject of inquiry on the trial, and this question was fairly submitted to the jury.

The case of *Rigney* v. *Smith*, (39 *Barb.* 383,) stands upon peculiar ground. The debt of the judgment creditor, in that case, was contracted while the defendant in the execution was still, apparently, in possession of the store where the goods levied on were found by the sheriff. On this ground, perhaps, this case can stand, but I do not see how, otherwise, it can be sustained. A party who claims that another, seeking to enforce his rights, shall not be permitted to allege and show the truth, must establish that he had been induced, by his faith in, or reliance upon, the assertions or acts of such party to the contrary, to do some act, or incur some liability, which would make it injurious to, or a fraud upon, him to allow such truth to be shown. A party setting up an estoppel must be personally misled or deceived by the acts which constitute the estoppel alleged; and he must have a particular interest in such acts, more than the public at large. He must have trusted to them, and confided in them, in some particular business transaction.

Had Mr. Beale, the judgment creditor, trusted to the appearance shown in respect to the occupation by Garlinghouse of the store in question, and sold him goods, or contracted any other debt, in the belief, from such appearances, that he was the owner of the store, then the plaintiff, and all other persons, I think, would be estopped

from showing the contrary. But there is none of that kind of proof in the case, and I do not see how any estoppel can be set up or alleged against the plaintiff, to prevent her showing how the facts are in respect to the ownership of the property in question. She has not misled the judgment creditor by any act of hers, nor has she permitted any act to be done which has misled him.

Within the case of *Buckley* v. *Wells* (33 *N. Y. Rep.* 518) and *Knapp* v. *Smith*, (27 *id.* 277,) I do not see why the plaintiff was not entitled to recover, independently of the question of fraud. This question was submitted to the jury, and fairly tried, and I do not think there is any ground for a new trial on that question.

A new trial should, therefore, be denied.

New trial denied.

[MONROE GENERAL TERM, March 2, 1868. *E. D. Smith, Johnson* and *J. C. Smith*, Justices.]